OPINION OF THE COURT
Per Curiam.
Respondent Victor Gomelsky was admitted to the practice of law in the State of New York by the Second Judicial Department on July 21, 1993. The Departmental Disciplinary Committee moves pursuant to 22 NYCRR 603.11 for an order accepting respondent’s affidavit of resignation from the practice of law and striking his name from the roll of attorneys. In addition, the Committee seeks a restitution order in the amount of $42,441.89, pursuant to Judiciary Law § 90 (6-a). Respondent does not oppose the motion.
In respondent’s affidavit of resignation, sworn to on January 31, 2013, he acknowledges that there is a pending investigation by the Committee into allegations that he engaged in professional misconduct due to his failure to monitor his escrow account. He admits that he failed to realize that his bookkeeper had misappropriated approximately $46,000 from that account, and that the loss rendered him unable to pay approximately $42,000 in settlement funds owed to a client. He further admits that he did not report his bookkeeper’s misfeasance to law enforcement, because he feared the collateral consequences to himself. Additionally, respondent acknowledges in his affidavit that he knowingly assisted his client in concealing the amount *3 of settlement funds due her to protect against her disqualification from various benefits.
Respondent’s tendered affidavit of resignation complies with 22 NYCRR 603.11, in that he states therein that his resignation is submitted freely, voluntarily and without coercion or duress, that he is aware of the implications of submitting his resignation, and is aware of this pending disciplinary investigation, and he could not successfully defend himself on the merits if charges were brought predicated on the misconduct under investigation (see 22 NYCRR 603.11 [a] [l]-[3]).
Accordingly, the Committee’s motion should be granted to the extent of accepting respondent’s affidavit of resignation from the practice of law, and his name stricken from the roll of attorneys, effective nunc pro tunc to January 31, 2013. The Committee’s application for a restitution order should be granted on consent of respondent, and such an order should be entered against respondent and in favor of Gennady Shargorodskiy, as executor of the estate of Adella Shargorodskaya, in the amount of $42,441.89.
Tom, J.E, Andrias, Saxe, Freedman and Gische, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 31, 2013.